## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

|  |  |
|---|---|
| D-J ENGINEERING, INC., | ) |
| Plaintiff, | ) |
| v. | ) Case No. 14-1033-JAR-JPO |
| 818 AVIATION, INC., | ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

This case arises from a contract dispute between Plaintiff D-J Engineering, Inc. and Defendant 818 Aviation, Inc. for repair work to certain aircraft components. This matter is before the Court on Defendant's Amended Motion to Dismiss for Lack of Personal Jurisdiction Under Rule 12(b)(2) or, Alternatively, to Dismiss or Stay this Action in Deference to a Parallel, Pending California Suit (Doc. 10).[1] The motion has been fully briefed and the Court is prepared to rule. For the reasons set forth in detail below, the Court denies Defendant's motion to dismiss for lack of personal jurisdiction; the alternative motion to dismiss or stay is moot because the California case has been transferred to this Court and consolidated with the instant case.

### I.    Standard

Plaintiff has the burden of establishing personal jurisdiction over Defendants.[2] In the absence of an evidentiary hearing, as in this case, the plaintiff must make only a prima facie

---

[1] Defendant filed its original Motion to Dismiss for Lack of Jurisdiction on March 14, 2014 (Doc. 6). That motion is now moot in light of the amended motion.

[2] *Shrader v. Biddinger*, 633 F.3d 1235, 1239 (10th Cir. 2011).

showing of jurisdiction to defeat a motion to dismiss.[3]  "The plaintiff may make this prima facie

showing by demonstrating, via affidavit or other written materials, facts that if true would

support jurisdiction over the defendant."[4]  Allegations in a complaint are accepted as true if they

are plausible, non-conclusory, and non-speculative, to the extent that they are not controverted

by submitted affidavits.[5]  At the same time, the Court does not have to accept as true conclusory

allegations, nor incompetent evidence.  When a defendant has produced evidence to support a

challenge to personal jurisdiction, a plaintiff has a duty to come forward with competent proof in

support of the jurisdictional allegations of the complaint.[6]  The court resolves all factual disputes

in favor of the plaintiff.[7]  Conflicting affidavits are also resolved in the plaintiff's favor, and "the

plaintiff's prima facie showing is sufficient notwithstanding the contrary presentation by the

moving party."[8]  "In order to defeat a plaintiff's prima facie showing of jurisdiction, a defendant

must present a compelling case demonstrating 'that the presence of some other considerations

would render jurisdiction unreasonable.'"[9]

## II.     Factual Background

---

[3]*AST Sports Sci., Inc. v. CLF Distrib. Ltd.,* 514 F.3d 1054, 1056–57 (10th Cir. 2008); *Wenz v. Memery Crystal*, 55 F.3d 1503, 1505 (10th Cir. 1995).

[4]*Emp'rs Mut. Cas. Co. v. Bartile Roofs, Inc.*, 618 F.3d 1153, 1159 (10th Cir. 2010) (citing *TH Agric. & Nutrition, LLC v. Ace European Grp. Ltd.,* 488 F.3d 1282, 1286 (10th Cir. 2007)); *OMI Holdings, Inc. v. Royal Ins. Co. of Can.*, 149 F.3d 1086, 1091 (10th Cir. 1998).

[5]*Dudnikov v. Chalk & Vermilion Fine Arts, Inc.*, 514 F.3d 1063, 1070 (10th Cir. 2008) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007)); *Pytlik v. Prof'l Res., Ltd.*, 887 F.2d 1371, 1376 (10th Cir. 1989); *Behagen v. Amateur Basketball Ass'n of U.S.A.*, 744 F.2d 731, 733 (10th Cir. 1984), *cert. denied*, 471 U.S. 1010 (1985).

[6]*Pytlik*, 887 F.2d at 1376.

[7]*Dudnikov*, 514 F.3d at 1070.

[8]*Behagen*, 744 F.2d at 733.

[9]*OMI Holdings*, 149 F.3d at 1091 (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 477 (1985)).

Drawing all reasonable inferences in favor of Plaintiff, the following facts are taken from the Complaint and attached exhibits, and the declarations and exhibits attached to the parties' briefs.  The Court does not consider any general or conclusory allegations unsupported by affidavits or other evidence and has resolved all factual disputes in Plaintiff's favor.

D-J Engineering, Inc. ("D-J") is a firm that provides engineering and manufacturing services for the aerospace industry.  D-J's principal place of business is Augusta, Kansas.  818 Aviation, Inc. ("818 Aviation") is a firm that sells Gulfstream aircraft components.  Its principal place of business is Newhall, California.  The parties' relationship began when a D-J salesperson solicited Mark Jeter, an agent of 818 who resides and works in Oklahoma City.  Jeter asked D-J for bids on projects relating to the repair of airplane components.  Jeter accepted D-J's bids on behalf of 818 Aviation, and 818 Aviation submitted purchase orders to D-J in Kansas on May 31, 2012 and December 6, 2012.  818 Aviation sent several parts to D-J for repair.  D-J performed work at D-J's Augusta, Kansas facility on multiple components for 818 Aviation.  Both Jeter and 818 Aviation's President Scott Charles communicated with D-J personnel by telephone and email during the course of the parties' relationship.

At some point, 818 Aviation became dissatisfied with D-J's work and its President traveled from California to Kansas to inspect the components.[10]  Also, Jeter traveled to Kansas during the course of the parties' relationship.  818 Aviation's personal visits to the D-J facility were for the sole purpose of conducting business under the subject contract.  818 Aviation then asked D-J to stop working on several components.  818 Aviation stopped paying D-J, and D-J

---

[10]*See* 818 Aviation's Complaint in the California Action, Doc. 12-3 ¶7.g; Doc. 12-1 ¶ 7.

has not returned all of 818 Aviation's airplane components.

D-J filed suit in the United States District Court for the District of Kansas on January 24, 2014, seeking declaratory relief, including that Plaintiff has no obligation to refund payments previously made by Defendant, that Defendant is obligated to pay Plaintiff for work performed or partially performed, and that Plaintiff has no obligation to pay Defendant for parts claimed to have been delivered, for which Defendant has no accompanying documentation.  818 Aviation filed suit in California State Court on February 13, 2014, alleging breach of contract, breach of warranty, bad faith, negligence, fraud, conversion and seeking declaratory relief.[11]  D-J  removed that case to the United States District Court for the Central District of California.  On March 14, 2014, D-J filed a motion to dismiss for lack of personal jurisdiction and to transfer for lack of venue in the California action.  On April 22, 2014, District Judge Percy Anderson granted a motion to transfer the California case to Kansas, declining to rule on the personal jurisdiction issue but finding that venue was proper in Kansas.  On May 15, 2014, this Court granted Plaintiff's motion to consolidate the transferred case with this case.[12]

## III.    Discussion

In a federal diversity case, the law of the forum state determines the court's jurisdiction over defendants.[13]  To establish personal jurisdiction over a defendant, plaintiff must show that jurisdiction is proper under the laws of the forum state and that the exercise of jurisdiction would

---

[11]Doc. 12, Ex. 3.

[12]Doc. 15.

[13]Fed. R. Civ. P. 4(e); *Marcus Food Co. v. DiPanfilo*, 671 F.3d 1159, 1166 (10th Cir. 2011).

not offend due process.[14]  The Kansas long-arm statute is construed liberally so as to allow jurisdiction to the full extent permitted by due process, therefore the Court proceeds directly to the constitutional analysis.[15]

The due process analysis is comprised of two steps.  First, the court must consider whether the defendant has such minimum contacts with the forum state "that he should reasonably anticipate being haled into court there."[16]  If the requisite minimum contacts are found, the Court will proceed to the second step in the due process analysis—ensuring that the exercise of jurisdiction "does not offend 'traditional notions of fair play and substantial justice.'"[17]

## A.    Minimum Contacts

"Minimum contacts" can be established in one of two ways, either generally or specifically for lawsuits based on the forum-related activities:

> General jurisdiction is based on an out-of-state defendant's "continuous and systematic" contacts with the forum state, and does not require that the claim be related to those contacts. Specific jurisdiction, on the other hand, is premised on something of a *quid pro quo*: in exchange for "benefitting" from some purposive conduct directed at the forum state, a party is deemed to consent to the exercise of jurisdiction for claims related to those contacts.[18]

---

[14]*Intercon, Inc. v. Bell Atl. Internet Solutions, Inc.*, 205 F.3d 1244, 1247 (10th Cir. 2000).

[15]*Federated Rural Elec. Ins. Corp. v. Kootenai Elec. Coop.*, 17 F.3d 1302, 1305 (10th Cir. 1994) (citing *Volt Delta Res., Inc. v. Devine*, 740 P.2d 1089, 1092 (Kan. 1987)).

[16]*Emp'rs Mut. Cas. Co.*, 618 F.3d at 1159–60 (citing *OMI Holdings, Inc.*, 149 F.3d at 1091).

[17]*See World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 292 (1980) (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)).

[18]*Dudnikov*, 514 F.3d at 1078 (internal citations and quotations omitted).

Plaintiff does not allege general jurisdiction, but alleges that Defendant had minimum contacts with Kansas based on specific jurisdiction.  Specific jurisdiction exists over a nonresident defendant "if the defendant has 'purposefully directed' his activities at residents of the forum, and the litigation results from alleged injuries that 'arise out of or relate to' those activities."[19]  In evaluating the "purposefully directed" element, the Tenth Circuit has explained:

> The first element can appear in different guises.  In the tort context, we often ask whether the nonresident defendant "purposefully directed" its activities at the forum state; in contract cases, meanwhile, we sometimes ask whether the defendant "purposefully availed" itself of the privilege of conducting activities or consummating a transaction in the forum state.  In all events, the shared aim of "purposeful direction" doctrine has been said by the Supreme Court to ensure that an out-of-state defendant is not bound to appear to account for merely "random, fortuitous, or attenuated contacts" with the forum state.[20]

The purposeful availment/expressly aimed requirement "ensures that a defendant will not be haled into a jurisdiction solely as a result of random, fortuitous, or attenuated contacts."[21]

It is undisputed that these parties entered into a contract with one another, and Defendant argues that the mere existence of a contract with a Kansas citizen is insufficient to establish the requisite minimum contacts in the forum state.[22]  Although agreements alone are not sufficient to establish minimum contacts, "parties who reach out beyond one state and create continuing relationships and obligations with citizens of another state are subject to regulations and

---

[19]*OMI Holdings*, 149 F.3d at 1091 (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472 (1985)).

[20]*Dudnikov*, 514 F.3d at 1071 (citations omitted).

[21]*Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475 (1985) (citations and quotation marks omitted).

[22]*See Burger King Corp.*, 471 U.S. at 478; *TH Agric. & Nutrition, LLC v. Ace European Grp. Ltd.*, 488 F.3d 1287 (10th Cir. 2007).

sanctions in the other state for the consequences of their activities."[23]  The Court must therefore examine the parties' "prior negotiations and contemplated future consequences, along with the terms of the contract and the parties' actual course of dealing."[24]

Plaintiff has made a prima facie showing that 818 Aviation reached out beyond the State of California and established a continuing relationship with D-J in Kansas, such that it should have reasonably foreseen that it could be subject to suit in Kansas.  After Mark Jeter, 818 Aviation's agent, requested quotes from D-J on certain repair work, 818 Aviation submitted purchase orders to D-J in Kansas on May 31, 2012 and December 6, 2012.  818 Aviation also sent several components to D-J in Kansas for repair.  D-J commenced this work; it was performed entirely at the D-J facility in Kansas.  Both Jeter, and Scott Charles, the President of 818 Aviation, physically traveled to the Augusta, Kansas facility to inspect D-J's work.  Jeter and Charles have also telephoned and emailed various D-J personnel in Kansas.[25]  The Court finds that these facts are more than sufficient for Plaintiff to make a prima facie showing that 818 Aviation purposefully availed itself of the privilege of conducting business in Kansas and has therefore met the minimum contacts requirement.

**B.  Reasonableness — Would the Exercise of Personal Jurisdiction Offend Traditional Notions of Fair Play and Substantial Justice?**

---

[23]*Marcus Food Co.*, 671 F.3d at 1166 (citation and quotation marks omitted).

[24]*Id.* at 1166–67.

[25]As a general rule, letters and telephone calls alone are insufficient to establish personal jurisdiction.  *Far West Capital, Inc. v. Towne*, 46 F.3d 1071, 1077 (10th Cir. 1995) ("It is well-established that phone calls and letters are not necessarily sufficient in themselves to establish minimum contacts.").  Here, however, the correspondence was in addition to other contacts, and the character of these contacts is sufficient to show purposeful availment.  These were not random phone calls and emails, but instead, they show that 818 Aviation availed itself of services performed by a Kansas corporation administered in Kansas.

7

Having determined that Defendant has the requisite minimum contacts, the Court must determine whether subjecting Defendant to jurisdiction in the forum state would offend traditional notions of fair play and substantial justice.[26]  Once a plaintiff has made a minimum contacts showing, a defendant "must present a compelling case that the presence of some other considerations would render jurisdiction unreasonable."[27]  This requires the weighing of the following factors: (1) the burden on defendant; (2) the forum state's interest in resolving the dispute; (3) the plaintiff's interest in receiving convenient and effective relief; (4) the interstate judicial system's interest in obtaining the most efficient resolution of controversies; and (5) the shared interest of the several states in furthering fundamental substantive social policies.[28]  Further, in this second step of the analysis, the court should consider the strength of the defendant's minimum contacts.[29]  If these factors are strong, they may serve to establish the reasonableness of jurisdiction even if plaintiff's showing of minimum contacts is weak.[30]  Conversely, "the weaker the plaintiff's showing on minimum contacts, the less a defendant need show in terms of unreasonableness to defeat jurisdiction."[31]  Given the strength of the contacts in this case, Defendant's burden to show unreasonableness is high.

The balance of the factors weighs in favor of Plaintiff.  Defendant is located in California

---

[26]*See Emp'rs Mut. Cas. Co. v. Bartile Roofs, Inc.*, 618 F.3d 1153, 1161 (10th Cir. 2010).

[27]*Burger King Corp.*, 471 U.S. at 477.

[28]*Employers Mut. Cas. Co.*, 618 F.3d at 1161.

[29]*TH Agrig. & Nutrition, LLC v. Ace European Grp. Ltd.*, 488 F.3d 1282, 1292 (10th Cir. 2007).

[30]*OMI Holdings, Inc. v. Royal Ins. Co*, 149 F.3d 1086, 1095 (10th Cir. 1998); *Pro Axess, Inc. v. Orlux Distrib., Inc.*, 428 F.3d 1270, 1280 (10th Cir. 2005).

[31]*Trujillo v. Williams*, 465 F.3d 1210, 1221 (10th Cir. 2006) (quotations omitted).

but its President and agent each traveled to Kansas during the parties' course of dealing.  While defending this action in Kansas would impose a burden on them given the small size of the firm, "defending a suit in a foreign jurisdiction is not as burdensome as in the past," so the Court finds that this factor weighs in favor of Plaintiff.[32]  The Court finds that the second factor is neutral, as Kansas, as well as California, has an interest in resolving disputes involving residents of its state.[33]

Third, the Court analyzes whether Plaintiff may receive convenient and effective relief in another forum.  Litigating this action in Kansas is obviously more convenient for Plaintiff.  And Defendant's parallel case filed in California has recently been transferred to this court and consolidated with the instant matter.  This factor weighs in favor of Plaintiff.

The fourth factor considers the interstate judicial system's interest in obtaining the most efficient resolution of controversies.  "The key points to consider when evaluating this factor are (1) the location of witnesses, (2) the location of the wrong underlying the lawsuit, (3) what forum's law applies, and (4) 'whether jurisdiction is necessary to prevent piecemeal litigation.'"[34]  In this case the first two points favor Plaintiff because it has identified several witnesses in Kansas that will be called in this matter, and Jeter, Defendant's agent, is located in Oklahoma City, which is closer to Kansas than California.  Again, it would be more efficient to maintain this case in Kansas given that it has been recently consolidated with the transferred

---

[32]*See AST Sports Sci., Inc. v. CLF Distribution Ltd.*, 514 F.3d 1054, 1061 (10th Cir. 2008).

[33]*See OMI Holdings, Inc.*, 149 F.3d at 1096 ("The state's interest is also implicated where resolution of the dispute requires a general application of the forum state's law.").

[34]*Pro Axess, Inc. v. Orlux Distr., Inc.*, 428 F.3d 1270, 1279 (10th Cir. 2005) (quoting *OMI Holdings, Inc.*, 149 F.3d at 1097).

action from California, thus eliminating piecemeal litigation.

As to the fifth factor—the shared interest of the several states in furthering fundamental social policies—nothing suggests that this is relevant in the instant case and therefore the Court does not address it.  Considering all the above factors and the strong minimum contacts in this case, the Court must conclude that Defendant has not established a compelling case that this Court's exercise of jurisdiction in this case would offend traditional notions of fair play and substantial justice.[35]

In this district, the standards for deciding a motion to dismiss under Rule 12(b)(3) for improper venue are generally the same as those for deciding a motion to dismiss under Rule 12(b)(2) for lack of personal jurisdiction.[36]  Because the Court finds personal jurisdiction exists in this matter, the Court also denies Defendant's motion based on improper venue.

**IT IS THEREFORE ORDERED BY THE COURT** that Defendant's Amended Motion to Dismiss for Lack of Personal Jurisdiction Under Rule 12(b)(2) or, Alternatively, to Dismiss or Stay this Action in Deference to a Parallel, Pending California Suit (Doc. 10) is **denied in part and moot in part.**  The motion to dismiss for lack of personal jurisdiction is denied; the motion to dismiss or stay in deference to a parallel California suit is moot.

**IT IS FURTHER ORDERED** that the original Motion to Dismiss for Lack of Jurisdiction (Doc. 6) is **moot**.

---

[35] *See Vestring v. Halla*, 920 F. Supp. 2d 1189, 1197 (D. Kan. 2013) (finding that exercising personal jurisdiction would offend traditional notions of fair play and substantial justice where contacts were weak and Kansas had only a small interest in the case).

[36] *Mohr v. Margolis, Ainsworth & Kinlaw Consulting, Inc.*, 434 F. Supp. 2d 1051, 1057–58 (D. Kan. 2006).

**IT IS SO ORDERED.**

Dated: <u>August 20, 2014</u>

 S/ Julie A. Robinson             

UNITED STATES DISTRICT JUDGE