UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| D-J ENGINEERING, INC., | ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No. 14-CV-1033-JAR/JPO |
| 818 AVIATION, INC., | ) ) | |
| Defendant. | ) ) ) | |
| 818 AVIATION, INC., | ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No. 14-CV-1126-MLB/KMH |
| D-J ENGINEERING, INC., | ) ) | |
| Defendant. | ) ) ) | |

## **PROTECTIVE ORDER**

The parties agree that it is necessary to have a Protective Order to preserve the confidentiality of documents to be produced by both parties, D-J Engineering, Inc. and 818 Aviation, Inc. The court finds that certain information, documents, and things to be produced in discovery in this litigation should be kept confidential in order to protect the parties' legitimate business interests. Further, the court finds that such information, documents and things are likely to include, but are not limited to, trade secrets, proprietary business information, sales data, product research and development, engineering data, personnel information, customer information, pricing data and other confidential information. Because the public disclosure of such information, documents and things might cause harm to the parties' legitimate business interests, the court finds

that "good cause" – pursuant to Fed. R. Civ. P. 26(c) – has been established and the following Order should be entered:

ORDERED, ADJUDGED AND DECREED THAT:

1. The following definitions shall apply to this order:

    a. "Confidential information" shall include, but is not necessarily limited to trade secrets, proprietary business information, sales data, product research and development, engineering data, personnel information, product inspection and testing data, product drawings, blueprints and schematic diagrams, customer information, pricing data, or other confidential research, development, commercial or proprietary information which has been designated as "confidential" by the parties or their attorneys, whether such disclosure be made voluntarily, informally or pursuant to formal discovery procedures. The designation may be made in writing or on the record such as at a deposition or hearing.

    b. "Qualified persons" shall mean:

        (1) the parties to this litigation;

        (2) counsel of record for the parties to this litigation, including office associates, paralegals, stenographic and clerical employees who have signed the Confidentiality Agreement;

        (3) experts retained for the purpose of this litigation who have signed the Confidentiality Agreement;

        (4) court personnel, including stenographic reporters engaged in such proceedings as are necessarily incident to this litigation; and

        (5) deposition witnesses.

2. Confidential information shall be and remain confidential and shall not be disclosed or communicated in any fashion nor be used for any purpose other than the analysis for preparation and trial of this action as provided for herein.

3. The designation of information as confidential may be made at any time; however, until designated as confidential the information may be used and disclosed by the parties to whom they are disclosed without the restrictions imposed by this order.

4. The parties may designate as confidential any portion of testimony or information to be given by either party's past or present employees or expert witnesses at any deposition, trial, or other proceeding in this action. In the event of such designation, arrangements shall be made with the reporter attending such deposition, hearing, or trial to bind the confidential portions of such transcripts separately and label such portion, including confidential exhibits, as "confidential," but failure of the court reporter to take such action shall not change the confidential nature of such information or affect the obligation of the parties to treat such information as confidential under this order.

5. No confidential information shall be disclosed or made available to any person except a qualified person who has read and agrees to the terms of this order and has signed the Confidentiality Agreement. Said confidential information shall not be used by any qualified person except solely for the purposes of litigation in this action. The substance or content of confidential information, as well as copies, notes, and memoranda relating thereto, shall not be disclosed to other than a qualified person. The court and its personnel, and members of the jury are specifically excluded from this provision.

6. Should any party disagree with the designation of any material as confidential and warranting protection, they may bring the matter to the court's attention within 30 days of the designation of such material as confidential. The material shall remain subject to the protections of this protective order until such time as this court and any appeal thereof have ruled that a particular document or other material is not subject to protection.

7. Aside from a witness or representative of the parties disclosing such confidential information, no person shall attend any portion of any deposition containing testimony regarding confidential information or documents unless such person is a qualified person under the terms of this order. Any court reporter who transcribes testimony in this action at a deposition shall agree, before transcribing any such testimony, that all testimony containing confidential information is and shall remain confidential and shall not be disclosed except as provided in this order and that copies of any transcription records of any such testimony will be retained in absolute confidentiality and safekeeping by such shorthand reporter or delivered to the attorneys of record or filed with the court.

8. If at the time of trial counsel for any of the parties attempts to introduce into evidence any confidential information, the court will take such steps as it shall deem reasonably necessary to preserve the confidentiality of that information.

9. All oral presentations to the court concerning or referencing any confidential information shall be held in camera unless the court orders otherwise.

10. The parties reserve the privilege and/or work product doctrine with regard to the inadvertent production of any privileged or protected material contained in

electronically stored information ("ESI") or other documents produced by either party. Production of such privileged or protected material is not to be considered a waiver of the attorney-client privilege or attorney work- product doctrine, even though the material was not specifically identified on a privilege log.  When and if any such issue arises, defendant, the producing party, has the right to make written demand upon the plaintiff and/or his attorneys to return the protected material immediately.  The parties agree that all such material, as well as any copies thereof, will be promptly returned to the producing party, unless a dispute arises which necessitates a motion to the court.  The parties specifically incorporate by reference the terms of Rule 502 of the Federal Rules of Evidence.  The privilege or protection is not waived by disclosure connected with this litigation.

      11.    Upon the expiration of 30 days from the final determination of this action, counsel of record for each party receiving confidential information shall, upon written demand from the producing party, assemble and return to the producing party and/or their attorneys all such confidential information as well as all copies of such confidential information and all testimony, summaries, notes, extracts, or abstracts containing any such confidential information, including such information in the possession of experts or other qualified persons who received such confidential information from counsel.  The producing party may elect to make written demand for the destruction of all such confidential information and certification from the recipient party that all such information and materials were destroyed.

12. Following the conclusion of this litigation, the parties may seek leave to reopen the case to enforce the provisions of this order, or to obtain such direction or further decree as may be appropriate for the interpretation or enforcement of this order.

13. The failure of either party to seek enforcement of this order shall not be a waiver of this order, and any waiver of this order by either party as to specific confidential information shall not be a waiver as to any other confidential information.

14. If a party wishes to use any confidential information in any affidavits, briefs, memorandum of law, oral argument, or other papers filed in this court in this litigation, such papers or transcript may be filed under seal only upon separate, specific motion and later order of the court. The party seeking to file a document under seal in this court must follow the procedures set forth in D. Kan. R. 5.4.6.

**IT IS SO ORDERED.**

Dated this 23rd day of October, 2014.

 s/ James P. O'Hara
James P. O'Hara
UNITED STATES MAGISTRATE JUDGE

SUBMITTED and APPROVED by:

MARTIN, PRINGLE, OLIVER,
WALLACE & BAUER, L.L.P.
100 North Broadway, Suite 500
Wichita, KS  67202
(316) 265-9311
(316) 265-2955 (telefacsimile)
tlmann@martinpringle.com
bdlegvold@martinpringle.com


By: s/  Terry L. Mann
    Terry L. Mann, (12840)
    Matthew A. Spahn, (25932)
    Attorneys for D-J Engineering, Inc.



LAW OFFICE OF CARLOS E. NEEDHAM
28494 Westinghouse Place, Suite 213
Valencia, CA   91355
(661) 843-6174 (office)
cneedham@needhamlegal.com


 By:  /s/ Carlos E. Needham
       Carlos E. Needham


DEVAUGHN JAMES, LLC
12219 E. Central, Suite 250
Wichita, Kansas   67206
(316) 977-9999 (office)
rjames@devaughnjames.com
lposchen@devaughnjames.com

By:  s/ Richard W. James
        Richard W. James

*Attorneys for 818 Aviation, Inc.*

7

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| D-J ENGINEERING, INC.,  )<br>　　　　　　　　　　　　　　　)<br>　　　　　Plaintiff,　　　　　　)<br>v.　　　　　　　　　　　　　　)　　　Case No. 14-CV-1033-JAR/JPO<br>　　　　　　　　　　　　　　　)<br>818 AVIATION, INC.,　　　　　)<br>　　　　　　　　　　　　　　　)<br>　　　　　Defendant.　　　　　)<br>_____)<br>818 AVIATION, INC.,　　　　　)<br>　　　　　　　　　　　　　　　)<br>　　　　　Plaintiff,　　　　　　)<br>v.　　　　　　　　　　　　　　)　　　Case No. 14-CV-1126-MLB/KMH<br>　　　　　　　　　　　　　　　)<br>D-J ENGINEERING, INC.,　　　 )<br>　　　　　　　　　　　　　　　)<br>　　　　　Defendant.　　　　　)<br>_____)| |

## **CONFIDENTIALITY AGREEMENT**

The undersigned hereby states as follows:

1.　I have received a copy of and have read the Protective Order entered by the court in the above-captioned case.

2.　I understand that material I am reviewing or otherwise have access to is included within the definition of Confidential Information in that Protective Order.

3.　I agree that I will abide by the terms of the Protective Order entered by the court, in all respects.

　　　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　　Name

　　　　Date:

8