## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **D-J ENGINEERING, INC.,** | |
| **Plaintiff,** | |
| **v.** | **Case No. 14-1033-JAR/JPO** |
| **818 AVIATION, INC.,** | |
| **Defendant.** | |
| **818 AVIATION, INC.,** | |
| **Plaintiff,** | |
| **v.** | **Case No. 14-1126-MLB/GEB** |
| **D-J ENGINEERING.,** | |
| **Defendant.** | |

## MEMORANDUM AND ORDER

Before the Court is D-J Engineering Inc.'s Motion to Enforce Settlement Agreement

(Doc. 36).  818 Aviation, Inc. ("818") has not responded to the motion and the time to do so has

expired.[1]  Under D. Kan. Rule 7.4(b),

> Absent a showing of excusable neglect, a party or attorney who
> fails to file a responsive brief or memorandum within the time
> specified in D. Kan. Rule 6.1(d) waives the right to later file such
> brief or memorandum. If a responsive brief or memorandum is not
> filed within the D. Kan. Rule 6.1(d) time requirements, the court
> will consider and decide the motion as an uncontested motion.
> Ordinarily, the court will grant the motion without further notice.

The Court grants this motion as unopposed.  Moreover, the Court finds D-J Engineering ("D-J")

has made a sufficient showing that the motion should be granted, as described more fully below.

---

[1] *See* D. Kan. R. 6.1(d).

## I.      Background

On February 23, 2015, the parties conducted mediation with their jointly selected mediator, Dennis Gillen.  During the course of the mediation, Mr. Gillen roughed out the parties' agreement in a handwritten document, as is his usual practice.[2]  Following the mediation, counsel for D-J prepared and filed the ADR Report, noting that the parties had partially settled the case.  The notes prepared by Gillen make several references to "final documentation" of the agreement.  For example, in Paragraph 3, the notes state, "upon final documentation of this Agreement," D-J "shall release those parts commonly referred to as Set #2."  Gillen noted that these parts were currently held by 818.  Gillen also left space in Paragraph 3 for 818's part numbers to be added.  In Paragraph 4, Gillen noted that the parties agreed that, "within 10 weeks of the final settlement document," D-J was to repair and release to 818 the parts commonly referred to as Set #3.  Again, space was left for addition of the 818 part numbers for those items comprising Set #3.

On March 17, 2015, counsel for the parties communicated via e-mail.  DJ's counsel stated that her understanding was that a typewritten settlement agreement would be prepared from the mediation notes.  On March 19, 2015, D-J's counsel notified 818's counsel that the part mentioned in the final unnumbered paragraph of the mediation notes had been shipped to 818 the preceding day.

On April 16, 2015, the parties filed a joint motion to stay the proceedings, noting that counsel were working toward a resolution of all claims.  Magistrate Judge O'Hara entered a stay of proceedings until August 17, 2015.

On May 6, 2015, counsel for D-J communicated with counsel for 818, noting the

---

[2]Doc. 36, Ex. 2.

references in the mediation summary to "final documentation of the Agreement."  On May 11, 2015, counsel for D-J sent a draft of the final settlement agreement to counsel for 818, noting the need for part numbers, and for the precise amounts of cost of parts, which had just been estimated in Paragraph 7 of the Mediation Summary.[3]  On May 13, 2015, a revised agreement was sent by counsel for D-J to counsel for 818, with portions marked where additional information was needed from 818.[4]  Counsel for 818 did not respond to the draft settlement agreement.

On May 26, counsel for 818 corresponded with counsel for D-J, indicating that 818 did not intend to finalize the settlement agreement.  On July 9, 2015, 818 filed a motion to lift the stay imposed by Judge O'Hara, arguing that D-J failed to perform under the settlement agreement, thereby repudiating the agreement.  Given that D-J's motion to enforce the settlement agreement was pending before the undersigned, Judge O'Hara denied 818's motion to lift the stay and proceed with discovery in this case.  818 never responded to the motion to enforce settlement agreement; there have been no filings at all since Judge O'Hara denied the motion to lift stay.

## II.    Discussion

"The trial court has the power to summarily enforce a settlement agreement entered into by the litigants while the litigation is pending before it."[5]  In resolving issues of contract formation and construction of a purported settlement agreement, the Court should apply state law.[6]  Settlements are favored by the Tenth Circuit.[7]  In Kansas, "in the absence of bad faith or

---

[3]Doc. 36, Ex. 7.

[4]Doc. 36, Ex. 9.

[5]*Shoels v. Klebold*, 375 F.3d 1054, 1060 (10th Cir. 2004).

[6]*Id.*

[7]*See Desktop Direct, Inc. v. Digital Equip. Corp.*, 993 F.2d 755, 758 (10th Cir. 1993), *aff'd*, 511 U.S. 863

fraud, when parties enter into an agreement settling and adjusting a dispute, neither party is permitted to repudiate it."[8]  To be enforceable, an oral settlement must contain a "meeting of the minds on all essential terms and the parties must intend to be bound."[9]  Parties may intend to be bound by an agreement made orally even though they contemplate incorporating into their agreement new matters to be agreed upon later.[10]

Here, the parties reached agreement on several issues in dispute, and the summary of that agreement specifically called for preparation of a final settlement document.  Although neither party was specifically tasked with preparation of the agreement, and certain information is held only by 818, D-J has attempted to move that process forward by returning one of the parts as per the oral contract, and by providing drafts of a final settlement agreement to 818.  The Court agrees that the parties reached an enforceable settlement—they had a meeting of the minds on all essential terms of the agreement at the mediation, and that they intended to be bound.  818 must therefore provide the necessary information to finalize the agreement and the parties shall then execute the final written draft.

**IT IS THEREFORE ORDERED BY THE COURT** that D-J Engineering Inc.'s Motion to Enforce Settlement Agreement (Doc. 36) is **granted**.

**IT IS SO ORDERED.**

Dated: September 2, 2015

 S/ Julie A. Robinson
JULIE A. ROBINSON
UNITED STATES DISTRICT JUDGE

---

(1994).

[8]*Krantz v. Univ. of Kan.*, 21 P.3d 561, 567 (Kan. 2001).

[9]*U.S. ex rel. Quality Trust, Inc. v. Cajun Contractors, Inc.*, No. 04-4157-SAC, 2008 WL 410121, at *6 (D. Kan. Feb. 13, 2008).

[10]*Phillips & Easton Supply Co. v. Eleanor Int'l, Inc.*, 512 P.2d 379, 384 (Kan. 1973).