## IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **D-J ENGINEERING, INC.,** | |
| **Plaintiff,** | |
| **v.** | **Case No. 14-CV-1033-JAR-JPO** |
| **818 AVAIATION, INC.,** | |
| **Defendant.** | |
| **818 AVIATION, INC.,** | |
| **Plaintiff,** | |
| **v.** | **Case No. 14-CV-1126-JAR-JPO** |
| **D-J- ENGINEERING, INC.,** | |
| **Defendant.** | |

## MEMORANDUM AND ORDER

Before the Court is 818 Aviation, Inc.'s Motion to Set Aside the Partial Settlement Agreement or, Alternatively, to Amend Complaint to Add Claims for Breach of the Partial Settlement Agreement (Doc. 47). D-J Engineering, Inc. ("D-J") opposes the motion by 818 Aviation, Inc. ("818") and argues that the settlement agreement should be enforced. For the reasons below, the Court denies 818's motion and once again orders the parties to comply with the terms of the settlement agreement.

I.      **Background**

On September 2, 2015, this Court granted D-J's motion to enforce the settlement agreement,[1] finding that the parties had reached a valid settlement, which was initially documented during the parties' mediation with Dennis Gillen.  At the time of the Court's previous order, the parties disputed whether the summary of the agreement called for preparation of a final settlement document.  Counsel for D-J had attempted to draft a typewritten agreement memorializing the terms of the agreement that had been decided upon during the mediation, but needed details from 818 in order to complete and execute the document.  Counsel for 818 did not respond to D-J's requests to provide that information and eventually indicated to counsel for D-J that 818 did not intend to finalize the agreement.  This Court found that the agreement did call for preparation of a final settlement document, and ordered 818 to provide the necessary information to D-J in order to finalize the agreement.  The Court ordered the parties to execute the final written agreement.

In the time that has passed since the Court's Order, the parties have continued to dispute the terms of the agreement.  818 now contends that D-J has refused to comply with the agreement, and indeed never intended to comply.

After the Court issued its September Order requiring 818 to provide D-J with the necessary information for the parties to execute the settlement agreement, counsel for 818 sent a revised agreement to D-J's counsel, including material changes to the agreement which the parties had not previously discussed.  Counsel for D-J objected to the changes, and sent back a completed version of the original draft of the agreement.  The next day, counsel for D-J sent a copy of the agreement which had been executed by D-J on September 18, 2015.  Throughout the

---

[1] Doc. 39.

rest of September and the entire month of October, counsel for D-J made numerous inquiries of counsel for 818 to ascertain whether 818 intended to execute the agreement.  On October 29, counsel for 818 responded that 818 did intend to execute the agreement.  On November 23, counsel for 818 e-mailed counsel for D-J an executed version of the settlement.  818's representative had signed the agreement and apparently dated it November 30, 2015, although it was sent to D-J's counsel on November 23.[2]

The agreement calls for repairs on certain parts to be completed ten weeks after execution of the agreement.  The discrepancy in the execution date of the agreement has led to a dispute between the parties over whether repairs on Set 3 of the parts were due to be completed by February 1, or by February 8.  Furthermore, the parties were not able to agree on an inspector to inspect the finished parts, and under the agreement, the mediator is to make that determination if the parties cannot agree.  But counsel for 818 apparently did not respond to requests by the mediator or by counsel for D-J to determine a time for the parties to meet so that the mediator could select an inspector.  The agreement also provided that 818 was to give certain parts, referred to as Set 2, to D-J by January 4, 2016.

818 argues that D-J has breached the settlement agreement and in fact never intended to comply with it.  It contends that D-J has ignored its deadlines under the agreement to complete the work, and has broken a part it was supposed to fix.  It maintains that Set 3 was due to be completed by February 1, and D-J did not complete those repairs.

D-J contends that 818 has refused to turn Set 2 over to D-J, preventing D-J from completing its duties under the agreement.  Counsel for D-J also informed counsel for 818 about

---

[2] The date under the signature of 818's president is disputed by the parties.  818 contends that it is dated November 20, 2015, while D-J maintains that it is dated November 30, 2015.  The numbers are difficult to make out, but it appears to read "11-30-2015."  Even if it is actually November 20, it would have no bearing on the Court's ruling on the motion to set aside the agreement.

the part that could not be repaired and suggested that 818 could pay a reduced price as a result, but counsel for 818 never responded to that suggestion, preventing D-J from being able to complete the repairs on that set of parts.

## II.   Discussion

### A.  Settlement Agreement

"The trial court has the power to summarily enforce a settlement agreement entered into by the litigants while the litigation is pending before it."[3]  In resolving issues of contract formation and construction of a purported settlement agreement, the Court should apply state law.[4]  Settlements are favored by the Tenth Circuit.[5]  In Kansas, "in the absence of bad faith or fraud, when parties enter into an agreement settling and adjusting a dispute, neither party is permitted to repudiate it."[6]  Furthermore, "absent fraud, bad faith, or mutual mistake, the court cannot set aside a written settlement agreement."[7]

818's motion to set aside the settlement agreement is an apparent attempt to re-litigate an issue that this Court has already decided.  The Court has already held that the parties' settlement agreement was valid and enforceable.  818 fails to provide a compelling reason why the Court should come to a different conclusion now than it did when it initially considered whether the agreement should be enforced.  818 claims that D-J entered into the agreement in bad faith, without intending to actually comply, but 818 provides no evidence to support that assertion.  In

---

[3]*Shoels v. Klebold*, 375 F.3d 1054, 1060 (10th Cir. 2004).

[4]*Id.*

[5]*See Desktop Direct, Inc. v. Digital Equip. Corp.*, 993 F.2d 755, 758 (10th Cir. 1993), *aff'd*, 511 U.S. 863 (1994).

[6]*Krantz v. Univ. of Kan.*, 21 P.3d 561, 567 (Kan. 2001).

[7]*Welborn v. U.S.*, 736 F. Supp. 1070, 1071 (D. Kan. 1990).

fact, the communications between counsel that have been provided as exhibits to the briefs all demonstrate that D-J's counsel has made a concerted effort to maintain communication with counsel for 818, and that D-J has attempted to comply with the settlement.  If any party has stalled or avoided its responsibilities under the agreement, it appears to be 818.

The Court thus finds no evidence of bad faith on D-J's part and determines that the settlement agreement between the parties is valid and must be enforced.  Accordingly, 818's motion to set aside the agreement is denied.

### B.  Motion to Amend Complaint

818 requests leave to amend its complaint to assert new claims for breach of the settlement agreement by D-J.  D-J objects that an amendment is untimely because the deadline for the parties to amend the pleadings was November 3, 2014.  818 counters that Judge O'Hara set a new date of May 2, 2016 for amendments to the pleadings at the status conference he held on November 24, 2015.

Under Rule 15(a), leave to amend a complaint is freely given when justice so requires.[8] A party is typically granted leave to amend under this rule unless there is "a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendment previously allowed, or futility of amendment."[9]  Once the deadline for amendments in a scheduling order has passed, however, the schedule may be modified "only for good cause and with the judge's consent."[10]  "To establish good cause under Rule 16(b), the

---

[8]Fed. R. Civ. P. 15(a)(2).

[9]*Duncan v. Manager, Dept. of Safety, City & Cnty. of Denver,* 397 F.3d 1300, 1315 (10th Cir. 2005).

[10]Fed. R. Civ. P. 16(b)(4).

moving party must show that 'it could not have reasonably met the scheduled deadline[ ]' even had it acted with due diligence."[11]

While 818 accurately notes that Judge O'Hara set May 2, 2016 as the new date for the parties to file motions to amend their pleadings, he explained in a footnote, "The court contemplates that amended pleadings would omit settled claims and set out a cleaner record on which the cases could proceed."[12]  This caveat makes clear that Judge O'Hara's Order did not contemplate a May 2 deadline for the parties to add new claims, but merely set the new deadline so that the case could proceed on a cleaner record after settlement of some of the original claims. Accordingly, the Court finds that the deadline for the parties to add new claims was November 3, 2014, as set out in the Scheduling Order in the case.[13]  818's motion to amend is therefore untimely and is denied.

**IT IS THEREFORE ORDERED BY THE COURT** that 818's Motion to Set Aside the Partial Settlement Agreement or, Alternatively, to Amend Complaint to Add Claims for Breach of the Partial Settlement Agreement (Doc. 47), is **denied.**  The parties are again ordered to comply with the terms of the settlement agreement.

**IT IS FURTHER ORDERED** that the parties shall submit a joint status report to Judge O'Hara by July 1, 2016, setting forth the status of the cases and proposing a schedule for discovery and resolution of any remaining claims.

**IT IS SO ORDERED.**

Dated: June 13, 2016

---

[11]*Layne Christensen Co. v. Bro-Tech Corp.,* No. 09-CV-2381-JWL-GLR, 2011 WL 3847076, *3 (D. Kan. Aug. 29, 2011) (quoting *Pulsecard, Inc. v. Discover Card Svs., Inc.*, 168 F.R.D. 295, 301 (D. Kan. 1996)).

[12]Doc. 44 at 2, n.2.

[13]Doc. 26.

S/ Julie A. Robinson
JULIE A. ROBINSON
UNITED STATES DISTRICT JUDGE