IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

D-J ENGINEERING, INC.,

Plaintiff,

v.                                                          Case No. 14-1033-JWB

818 AVIATION, INC.,

Defendant.

**MEMORANDUM AND ORDER**

This case comes before the court on Defendant 818 Aviation's motion for leave to file out of time. (Doc. 92). The motion has been fully briefed and is ripe for decision. (Docs. 93, 94). Defendant's motion is granted for the reasons stated herein.

**I.      Facts and Procedural History**

On March 2, Judge Robinson entered an order setting deadlines and vacating the trial date in this case due to a contention raised by Defendant that was not included in the pretrial order. Judge Robinson set a deadline of March 19, 2018, for Defendant to file its motion to modify the pretrial order. A notification of the order was sent out by CM/ECF. Defendant's counsel received the email notification but "failed to appreciate that new deadlines were being set." (Doc. 92 at 1). Defendant's assistant correctly inputted the new deadline on his calendar but Defendant's counsel overlooked the deadline and believed that it was a date that had been vacated by Judge Robinson's March 2 order.

On March 23, Defendant's counsel became aware of the missed deadline and contacted Plaintiff's counsel to request an extension. Plaintiff's counsel did not agree to the request as it was not made prior to the deadline. Additionally, Defendant's counsel had previously missed a status

1

conference in January when he was travelling to the Tenth Circuit and missed a status report deadline when he was in trial with Judge Marten.

Defendant filed this motion on March 23, four days after the deadline. Defendant's motion to modify the pretrial order is attached to the motion for leave to file out of time.

## II.    Analysis

Fed. R. Civ. P. 6(b) governs motions for extensions of time. It provides that:

When an act may or must be done within a specified time, the court may, for good cause, extend the time:
...
(B) on motion made after the time has expired if the party failed to act because of excusable neglect.

*Id.*

In considering whether Defendant has established excusable neglect, the court considers the following factors: "(1) the danger of prejudice to the opposing party, (2) the length of delay caused by the neglect and its impact on judicial proceedings, (3) the reason for delay and whether it was in the reasonable control of the moving party, and (4) the existence of good faith on the part of the moving party." *BNSF Ry. Co. v. Zook,* No. 15-CV-4956-DDC-KGS, 2016 WL 5371861, at *2 (D. Kan. Sept. 26, 2016); *see also Pioneer Inv. Servs. Co. v. Brunswick Assoc. Ltd. P'ship*, 507 U.S. 380 (1993)(discussing excusable neglect).

With respect to the first factor, Plaintiff has acknowledged that there is little to no prejudice in allowing Defendant to file the motion out of time. Therefore, this factor weighs in favor of granting the motion. The second factor also weighs in favor of granting the motion as four days is a short delay and would not impact judicial proceedings. *See id.* (citing *Welch v. Centex Home Equity Co., LLC*, No. 03-2132-JWL-DJW, 2004 WL 2348295, at *1 (D. Kan. Apr. 23, 2004)(two

months delay is "relatively innocuous"); *see also Blake v. Transcommc'ns, Inc.*, No. 01-2073-CM, 2005 WL 4705098, at *3 (D. Kan. Sept. 30, 2005) (seven days after the deadline).

As to the third factor, Defendant's counsel's reason for the delay is essentially due to his own carelessness in not carefully reviewing Judge Robinson's order and in failing to realize the calendar deadline was "live." Plaintiff contends that this reason is not sufficient for excusable neglect. This court has recognized, however, based on the Supreme Court decision in *Pioneer*, that excusable neglect may also "extend to delays caused by inadvertence, mistake, carelessness, or ignorance of court rules, not just to delays caused by circumstances beyond a party's control." *Deutsch v. Robro Royalty Partners, Ltd.*, No. 15-1092-MLB, 2015 WL 3504435, at *1 (D. Kan. June 3, 2015); *see Pioneer*, 507 U.S. at 392 ("Although inadvertence, ignorance of the rules, or mistakes construing the rules do not usually constitute 'excusable' neglect, it is clear that 'excusable neglect' under Rule 6(b) is a somewhat 'elastic concept' and is not limited strictly to omissions caused by circumstances beyond the control of the movant.") Defendant's counsel's actions, while not beyond his control, can be characterized as a mistake or carelessness. Additionally, there is no indication that Defendant's counsel acted in bad faith. The final factor therefore weighs in favor of granting the motion.

After considering all four factors, the court finds that Defendant has met its burden to show excusable neglect. Defendant's motion for leave to file out of time (Doc. 92) is granted. Plaintiff may file a response on or before May 16, 2018. Defendant may file a reply on or before May 21, 2018. The reply brief is limited to 5 pages.

IT IS SO ORDERED.

_s/ John W. Broomes_____
JOHN W. BROOMES
UNITED STATES DISTRICT JUDGE