IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

D-J ENGINEERING, INC.,

        Plaintiff,

v.                                                                             Case No. 14-1033-JWB

818 AVIATION, INC.,

        Defendant.

**MEMORANDUM AND ORDER**

This case comes before the court on Defendant 818 Aviation's motion to modify the pretrial order. (Doc. 97.) The motion has been fully briefed and is ripe for decision. (Docs. 98, 102, 103.) 818's motion is DENIED for the reasons stated herein.

**I.    Facts and Procedural History[1]**

D-J Engineering ("D-J") filed this declaratory judgment action on January 24, 2014, regarding a dispute between the parties concerning work performed by D-J on aircraft components for 818. (Doc. 1.) On February 13, 2014, 818 filed an action against D-J in California state court. That action was removed by D-J to the Central District of California and later transferred to this court. (Case No. 14-1126, Docs. 1, 17.) 818's complaint alleged claims of breach of contract, breach of warranty, bad faith, negligence, fraud, and conversion. The two actions were consolidated and Case Number 14-1033 is the lead case. (Doc. 15.)

On February 23, 2015, the parties attended mediation and partially settled this matter. After the mediation, however, 818 refused to execute the written settlement agreement that reflected the agreed-to terms. Judge Robinson entered an order granting D-J's motion to enforce the settlement

---

[1] The complete procedural history is contained in various court orders. (Docs. 39, 52, 73.)

agreement and instructed the parties to execute the same. (Doc. 39.) The parties then executed a settlement agreement, which resolved part of the claims at issue. D-J reserved its claim for an unpaid invoice and 818 reserved its claims for damages to parts owned by 818 that were allegedly caused by excessive pitting, axle nut thread damage or improper overhaul. (Doc. 102, Exh. 17.) The terms of the settlement agreement required D-J to inspect certain aircraft parts, referred to as Set 2 and Set 3, and certify that the parts were suitable for sale. (*Id.*)

On February 19, 2016, 818 filed a motion to set aside the settlement or, in the alternative, amend 818's complaint. (Doc. 47.) Judge Robinson denied 818's motion, stating, "if any party has stalled or avoided its responsibilities under the agreement, it appears to be 818." (Doc. 52 at 5.) With respect to the motion to amend, 818 asserted that D-J had failed to perform the settlement agreement and "has broken one of 818's parts." (Doc. 47 at 5.) Judge Robinson denied the motion to amend on the basis that it was untimely.

On July 5, 2016, an amended scheduling order was entered and set the discovery deadline for January 27, 2017. 818 did not serve written discovery on D-J until November 30, 2016. On February 10, 2017, 818's counsel notified D-J's counsel that D-J could pick up Set 2 in order to complete the certification pursuant to the settlement agreement. (Doc. 98, Exh. I.) D-J allegedly has failed to do so.

On February 24, Magistrate Judge O'Hara ordered all production of documents to occur by March 17 and allowed each party to conduct one follow-up deposition. (Doc. 60.) On February 28, 2017, the pretrial order was entered. (Doc. 62.) The pretrial order identifies the parties' claims as those claims that were reserved after settlement. On June 13, 2017, counsel for the parties exchanged emails regarding the need for additional parts. (Doc. 102, Exh. 30.) The June 13 email referenced a previous June 14, 2016, email by Brenda Ives, an employee of D-J, in which Ives

requested 818 to provide parts to complete work on part bearing Serial Number T0347.  (Doc. 102, Exh. 29.)

On September 14, 2017, the trial was set in this matter for April 2, 2018.  (Doc. 76.)  On March 2, 2018, the court vacated the trial date after 818 informed the court that it believed D-J had breached the settlement agreement and 818 planned to move to modify the pretrial order.  (Doc. 91.)  The court set a deadline of March 19 for 818 to file a motion to modify the pretrial order.  (*Id.*)   818 missed the filing deadline and this court allowed 818 to file a motion to modify the pretrial order out of time.  (Doc. 96.)

**II.     Analysis**

818 now seeks to add a claim of breach of the settlement agreement to the pretrial order.  818 contends that D-J has breached the settlement agreement by failing to pick up Set 2, failing to certify Set 3, and insisting on replacement parts from 818.  D-J objects to the modification on the basis that it would prejudice D-J and 818 has failed to establish that manifest injustice would result if the modification was not allowed.

The pretrial order controls the course of litigation. D. Kan. R. 16.2(b).  "As such, claims, issues, defenses, or theories of damages not included in the pretrial order are waived."  *Wilson v. Muckala*, 303 F.3d 1207, 1215 (10th Cir. 2002).  Pursuant to Fed. R. Civ. P. 16(e), a final pretrial order may only be modified "to prevent manifest injustice."

"[T]he burden of demonstrating manifest injustice falls upon the party moving for modification." *Koch v. Koch Indus., Inc.*, 203 F.3d 1202, 1222 (10th Cir. 2000). The court is to consider the following factors: "(1) prejudice or surprise to the party opposing trial of the issue; (2) the ability of that party to cure any prejudice; (3) disruption to the orderly and efficient trial of

3

the case by inclusion of the new issue; and (4) bad faith by the party seeking to modify the order." *Id.*

818 contends that there is no prejudice to D-J because, if the claim is not added, another lawsuit will be filed by 818. (Doc. 98 at7.) In response, D-J states that the modification would result in significant prejudice. D-J states that the mediation in this matter occurred more than three years ago. The issues related to the alleged breach of the settlement agreement have not been pursued in discovery and therefore would require additional discovery. D-J has incurred substantial attorney's fees in this litigation in its efforts to force 818 to comply with the settlement agreement. In its reply, 818 makes no attempt to dispute the allegations of prejudice to D-J or identify the ability to cure such prejudice. Instead, 818 spends significant briefing on the merits of its new claim and concludes that having "two cases will be terribly inefficient." (Doc. 103 at 7.) Inefficiency, however, is not a factor for consideration by the court with respect to the prejudice factor.

"[I]f modification of the pretrial order … would place a great burden on the opposing party, then it may not be allowed.'" *Joseph Mfg. Co., Inc. v. Olympic Fire Corp.*, 986 F.2d 416, 420 (10th Cir. 1993). Therefore, the first two factors do not support a finding of manifest injustice.

With respect to the disruption to the orderly and efficient trial, the addition of this claim would result in the reopening of discovery but would not affect trial as a date is not set. The trial date was previously set to occur in April 2018. The claims in the pretrial order are ready to proceed to trial. Although there is not a current trial setting, modifying the pretrial order at this stage would significantly prolong a case that has already been pending for more than four years. Under Fed. R. Civ. P. 1, this court is to "secure the just, speedy, and inexpensive determination of every action." This case is a relatively straightforward case regarding repair of aircraft components.

4

There is no reason to prolong the trial in this matter when 818 admittedly states that its new claim can be brought in a subsequent filing. Due to the age of this case, the court does not believe it is efficient to prolong the ongoing litigation to add a new claim. Therefore, this element does not support a finding of manifest injustice.

Finally, the court is to consider whether 818 has acted in bad faith in seeking modification. 818 contends that it has not acted in bad faith as it was not fully aware of the issues relating to the breach until a recent deposition in February 2018. (Doc. 98 at 8-9.) D-J responds that 818 has acted in bad faith because it has delayed adding this claim to the action and has engaged in repeated attempts to avoid the settlement. While the court does not necessarily find that 818 has acted in bad faith throughout the litigation, the court is also to "consider the timing of when the party knew of the potential need for modification." *Harris v. Cmty. Res. Council of Shawnee Cty.*, No. 04-2578-CM, 2007 WL 196885, at *1 (D. Kan. Jan. 23, 2007).

818 contends that it did not include the claims in the pretrial order because, at the time, "818 was still trying to figure out how to get D-J to comply with the Settlement Agreement." (Doc. 98 at 8.) Although 818 was aware of D-J's position that 818 needed to supply replacement parts, it was not aware of the reason for needing the parts until the deposition in February 2018. (*Id.*) However, "[n]othing in Rule 16 prevents a party from identifying a potentially controlling legal principle simply because it is inchoate at the time the pretrial order is drafted." *Joseph Mfg. Co.*, 986 F.2d at 419–20. 818 was aware of D-J's alleged breach at the time of the pretrial order as D-J had already told 818 that it needed additional parts and 818 had already attempted to amend its complaint to add a claim of breach of the settlement agreement. "[I]f the evidence or issue was within the knowledge of the party seeking modification [of the pretrial order] at the time of the

5

[pretrial] conference or if modification would place a great burden on the opposing party, then it may not be allowed." *Id.* at 420.

Although manifest injustice has not been "usefully defined," it "is not met where the movant knew of the evidence or issue but remained silent at the pretrial conference." *Debord v. Mercy Health Sys. of Kansas, Inc.*, No. 10-4055-SAC, 2012 WL 589261, at *2 (D. Kan. Feb. 22, 2012) (citing *Joseph Mfg. Co., Inc. v. Olympic Fire Corp.*, 986 F.2d 416, 420 (10th Cir.1993)).

### III.    Conclusion

After a review of the factors, the court concludes that 818 has failed to show that a denial of its motion would result in manifest injustice. 818's motion to modify the pretrial order (Doc. 97) is therefore DENIED.

IT IS SO ORDERED this 11th day of June, 2018.

　　　　　　　　　　　　　　　　　___s/ John W. Broomes_____
　　　　　　　　　　　　　　　　　JOHN W. BROOMES
　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE